IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| MARY J. LUTTRELL, | : |
| | : |
| Plaintiff | : |
| | : |
| VS. | : |
| | :    **1 : 04-CV-142 (WLS)** |
| JO ANNE B. BARNHART, | : |
| Commissioner of Social Security, | : |
| | : |
| Defendant. | : |

**RECOMMENDATION**

The plaintiff herein filed this Social Security appeal on September 23, 2004, challenging the Commissioner's final decision denying her application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

*Background*

The plaintiff filed her application for Supplemental Security Income benefits in August 2002, alleging disability since November 1, 2001, due to back pain caused by ruptured spinal discs. Her application was denied initially and upon reconsideration. Following a hearing, the ALJ determined that the plaintiff could not perform her past relevant work, but that she remained capable of performing a significant range of light work. The ALJ relied on the Medical-Vocational Guidelines as a framework for his decision that the plaintiff was not disabled, and ultimately concluded based on the testimony of a Vocational Expert that the plaintiff remained capable of performing jobs which existed in significant numbers in the national economy. The Appeals Council denied review and the plaintiff then filed this appeal, arguing that the plaintiff should have been found disabled under certain code sections and that the ALJ's decision in

general was not supported by substantial evidence.

The plaintiff's past relevant work includes work as a migrant farm laborer, kitchen/cook's helper, and sitter/companion. Born on September 18, 1953, the plaintiff was 50 years old at the time of the hearing before the ALJ. She has a "marginal" education, but is literate. Relevant medical records show treatment for osteoarthritis of the cervical spine resulting in neck and back pain. The Vocational Expert identified three (3) types of jobs at the light exertional level which plaintiff could perform, to wit, light housekeeper, sorter, and candy roller.

*Standard of review*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal

analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

*Substantial evidence*

The plaintiff makes a number of arguments regarding the regulations and listings, and in general argues that the ALJ's decision that she could perform light work was not supported by substantial evidence.  The plaintiff initially argues that the plaintiff should have been found disabled pursuant to 20 C.F.R. § 416.962, which provides that "[i]f you have no more than a marginal education and work experience of 35 years or more during which you did only arduous unskilled physical labor, and you are not working and are no longer able to do this kind of work because of a severe impairment, we will consider you unable to do lighter work, and therefore, disabled."  However, as the Commissioner points out, the plaintiff was 50 years old at the time of the ALJ's hearing and would have had to started working at age 15.  Plaintiff did not present any evidence to this effect and her earnings records reflect only a 26 year work history.

The plaintiff also argues that she cannot do extensive walking, standing, pushing or pulling, thereby negating the ALJ's findings that she could perform jobs at the light exertional level.  The plaintiff argues that the ALJ's findings that she was capable of frequent push/pull, handling and fingering were contrary to the medical evidence and that his hypotheticals based on these findings were inaccurate and invalid.

The ALJ found that the plaintiff suffered from "osteoarthritis of the spine, a history of right carpal tunnel syndrome, and right shoulder impingement syndrome."  R. at 25.  After reviewing the objective medical evidence and the claimant's subjective allegations, the ALJ noted that "[n]o examining, nonexamining, or treating physician supports disability in this case .

. . none of her treating physicians has placed any limitations on her ability to perform basic work-related activities. . . . Further, Ms. Luttrell's daily activities are inconsistent with an individual who is disabled. The fact that the claimant continues to work part-time as a landscaper, is responsible for caring for her disabled husband on a daily basis, and performs light household chores and shopping, demonstrates the ability to perform at least light exertion." R. at 26. He determined that she had a residual functional capacity to perform a significant range of light work. "She should avoid all overhead work with the right arm. The claimant is also limited to occasional climbing and frequent push/pull, handling and fingering with the upper extremities." Id. Rather than relying on the Vocational Expert's ("VE") determination that the plaintiff could perform her past relevant work as a companion, and based on his inability to determine whether this work was substantial gainful activity as defined by the regulations, the ALJ proceeded to Step 5 of the Sequential Evaluation Process . Using the Medical-Vocational Guidelines as a framework for decision, in addition to the testimony of the VE, the ALJ determined that jobs existed in the national economy that she was capable of performing.

     A review of the ALJ's findings, the objective medical record and the plaintiff's testimony reveals that his findings and conclusions regarding the plaintiff's ability to perform work at the light exertion level is supported by substantial evidence. The ALJ noted that "[w]hile Ms. Luttrell experiences some limitations due to osteoarthritis of the back, right shoulder impairment, and her history of right carpal tunnel syndrome, her limitations are not disabling either when considered singly or in combination." Id. As the ALJ noted, the fact that the plaintiff continues work as a landscaper and cares for her disabled husband, as well as the lack of physician-imposed limitations and actual physical findings of limitation support the ALJ's conclusions

herein regarding the plaintiff's residual functional capacity.

Finally, the plaintiff references several medical listings, and argues that these listings "confirm Ms. Luttrell's disability".   However, the plaintiff has made no specific showing as to how her impairments meet or equal these listings.  In order to establish that his impairments meet or equal one or more of those set out in the List of Impairments (Appendix 1, 20 C.F.R. Part 404), a claimant must present specific medical findings that meet the tests for the applicable impairment or medical evidence that demonstrates how the impairment is equivalent to the listings.  Bell v. Bowen, 796 F.2d 1350, 1353 (11th Cir. 1986) (plaintiff must "present specific medical findings that meet the various tests listed under the description of the applicable impairment or, if in the alternative he contends that he has an impairment which is equal to one of the listed impairments, the claimant must present medical evidence which describes how the impairment has such an equivalency"); Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987).

*New evidence*

Finally, the plaintiff argues that new evidence, first submitted to the Appeals Council, merits a remand of this matter pursuant to Sentence Six.  Pursuant to Sentence Six of 42 U.S.C. § 405(g), the court is empowered to remand a case to the Commissioner for consideration of material, new evidence if the plaintiff can demonstrate good cause as to why it was not previously submitted.  Cherry v. Heckler, 760 F.2d 1186 (11th Cir. 1985).  In order to obtain a remand under Sentence Six, the plaintiff must establish that:  1) there is new, noncumulative evidence; 2) the evidence is material in that there is a reasonable possibility that it would change the administrative result; and 3) there is good cause for failure to submit the evidence at the administrative level.  Caulder v. Bowen, 791 F.2d 872, 879 (11th Cir. 1986).

Other than alleging that the new evidence, in the form of a vocational report, "could not have been submitted previously as it had not been prepared prior to the hearing with the ALJ", the plaintiff makes no showing as to how this new evidence is material to the decision below.  As the Commissioner points out, the report shows that she worked two (2) jobs during the alleged period of disability, and includes a conclusion that she is totally disabled.  The report does not appear to contain any new information, but is merely an additional evaluation of the evidence already before the ALJ.  As such, it will not support a Sentence Six remand herein.

Accordingly, inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g).  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 18th day of January, 2006.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb